IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EXFO INC. AND EXFO AMERICA INC. § <br> § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> VIAVI SOLUTIONS, INC, § <br> § <br> *Defendant.* § | Civil Action No.:  2:15-cv-1685 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, EXFO Inc. and EXFO America Inc. (collectively, "EXFO"), bring this Complaint against Viavi Solutions, Inc. ("Viavi").  As its complaint against Viavi, EXFO states and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for injunctive relief to prevent further damage arising from the unlawful and unauthorized use of EXFO's intellectual property through the infringement of EXFO's patents under 35 U.S.C. § 271 by the Defendant, and for damages to compensate for infringement occurring prior to entry of an injunction.  Specifically, EXFO complains that the Defendant infringes at least claims 1 and 10 of EXFO's U.S. Patent No. 8,576,389 (the "'389 Patent") and at least claims 1 and 9 of EXFO's U.S. Patent No. 9,170,173 (the "'173 Patent").

## THE PARTIES

2. EXFO Inc. is a Canadian corporation with its principal place of business at 400 Godin Avenue, Quebec, Quebec G1M 2K2, Canada.

3. EXFO America Inc. is a Delaware corporation with its principal place of business at 3400 Waterview Parkway, Suite 100, Richardson, Texas 75080.

4. EXFO Inc. is the assignee of the '389 Patent, a true and correct copy of which is attached as Exhibit A.  The '389 Patent was legally issued on November 5, 2013, and is directed to a Multiple-Acquisition OTDR Method and Device.  EXFO Inc. is the owner of the '389 Patent, and EXFO America Inc. is the exclusive licensee under the '389 Patent.

5. EXFO Inc. is the assignee of the '173 Patent, a true and correct copy of which is attached as Exhibit B.  The '173 Patent was legally issued on October 27, 2015, and is directed to a Multiple-Acquisition OTDR Method and Device.  EXFO Inc. is the owner of the '173 Patent, and EXFO America Inc. is the exclusive licensee under the '173 Patent.

6. On information and belief, Viavi Solutions, Inc. is a Delaware corporation with its principal place of business at 430 N. McCarthy Blvd., Milpitas, California 95035.

## JURISDICTION AND VENUE

7. This is an action for patent infringement under 35 U.S.C. § 271.  This Court has subject matter jurisdiction over EXFO's federal claim of patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due to at least its substantial business in this forum, directly and/or through intermediaries, including (i) committing at least a portion of the acts of infringement alleged herein, and (ii) regularly doing

or soliciting business in the State of Texas and in this Judicial District, engaging in other persistent courses of conduct in this district including maintain continuous and systematic contacts in Texas and in this Judicial District, purposefully availing itself of the privileges of doing business in Texas and in this Judicial District, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.  Upon information and belief, this Court also has personal jurisdiction over Defendant because it has a sales office located at 2435 North Central Expressway Suite 900, Richardson, Texas, and has purposefully availed itself of the privileges and benefits of the laws of Texas.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and (c) and 1400(b).

## COUNT I: PATENT INFRINGEMENT (THE '389 PATENT)

10. EXFO incorporates by reference each of the preceding allegations of paragraphs 1 - 9 above as though stated herein.

11. On information and belief, Viavi comprises the test and measurement as well as optical security and performance operations that were formerly part of JDS Uniphase.

12. On information and belief, Viavi offers for sale, sells, makes, uses and/or imports, in the United States OTDRs, such as T-BERD/MTS OTDR platforms (including at least T-BERD/MTS-2000, 4000, 6000, 6000A, and 8000(v2)), enabled with a Smart Link Mapper software application ("Accused Products") that infringe at least claims 1 and 10 of the '389 Patent in violation of 35 U.S.C. § 271.

13. On information and belief, Viavi, its customers, suppliers, agents, users and/or affiliates ("end-users") use the Accused Products to characterize an event in an optical fiber link.

14. Viavi and its end-users use the Accused Products to perform a plurality of light acquisitions on an optical fiber link.

15. Through the use of the Accused Products the plurality of light acquisitions propagate a test light in the optical fiber link and detect a returning light signal in the optical fiber link.

16. Through the use of the Accused Products the plurality of light acquisitions have at least one of different pulsewidths and different wavelengths.

17. The Accused Products further derive a first parameter for characterizing the optical fiber link event by using a first detected return signal from at least two of the plurality of light acquisitions, and derive a second parameter for characterizing the optical fiber link event by using a second detected return signal from at least two of the plurality of light acquisitions.

18. The Accused Products include a light acquisition module for performing a plurality of light acquisitions by generating and propagating a plurality of different test light pulses under at least one of different pulsewidth and different wavelength conditions, and detecting a return light signal for each test light pulse.

19. The Accused Products include an analyzing module for analyzing the detected return signals and deriving parameters that characterize an optical fiber link event using at least two detected return signals, where a first target parameter is derived using at least one of the light acquisitions and a second target parameter is derived using at least another one of the light acquisitions.

20. On information and belief, upon receiving knowledge of the '389 Patent (at least since the filing of this Complaint) Viavi is inducing the infringement of the '389 Patent by, among other things, knowingly and with intent, actively encouraging end-users to make, use, import, sell, and/or offer for sale the Accused Products to characterize an event in an optical fiber link in a manner that constitutes infringement of one or more claims of the '389 Patent.

4

21. On information and belief, Viavi's infringing activities have caused and will continue to cause EXFO irreparable injury unless and until enjoined by this Court.

22. As a result of Viavi's infringing activities, EXFO has suffered and will continue to suffer damages in an amount yet to be determined.  Under 35 U.S.C. §§ 283 and 284, EXFO is entitled to permanent injunctive relief against further infringing activity and damages for infringement that occurs prior to entry of an injunction.

**COUNT II: PATENT INFRINGEMENT (THE '173 PATENT)**

23. EXFO incorporates by reference each of the preceding allegations of paragraphs 1 - 9 above as though stated herein.

24. On information and belief, Viavi comprises the test and measurement as well as optical security and performance operations that were formerly part of JDS Uniphase.

25. On information and belief, Viavi offers for sale, sells, makes, uses and/or imports, in the United States Accused Products (as defined in paragraph 12, above) that infringe at least claims 1 and 9 of the '173 Patent in violation of 35 U.S.C. § 271.

26. On information and belief, Viavi and its end-users (as defined in paragraph 13, above) use the Accused Products to characterize an event in an optical fiber link.

27. Viavi and its end-users use the Accused Products to perform a plurality of light acquisitions on an optical fiber link.

28. Through the use of the Accused Products the plurality of light acquisitions propagate a test light in the optical fiber link and detect a returning light signal in the optical fiber link.

29. Through the use of the Accused Products the plurality of light acquisitions have at least one of different pulsewidths and different wavelengths.

5

30. The Accused Products further derive at least one parameter for characterizing the optical fiber link event by using the detected return signals from at least two of the plurality of light acquisitions, and computing a value of a target parameter from the at least one parameter by combining information from more than one of the light acquisitions.

31. The Accused Products include a light acquisition module for performing a plurality of light acquisitions by generating and propagating a plurality of different test light pulses under at least one of different pulsewidth and different wavelength conditions, and detecting a return light signal for each test light pulse.

32. The Accused Products include an analyzing module for analyzing the detected return signals and deriving at least one parameter characterizing an optical fiber link event using the detected return signals from at least two of the plurality of light acquisitions by combining information from more than one of the light acquisitions.

33. On information and belief, upon receiving knowledge of the '173 Patent (at least since the filing of this Complaint) Viavi is inducing the infringement of the '173 Patent by, among other things, knowingly and with intent, actively encouraging its end-users to make, use, import, sell, and/or offer for sale the Accused Products to characterize an event in an optical fiber link in a manner that constitutes infringement of one or more claims of the '173 Patent.

34. On information and belief, Viavi's infringing activities have caused and will continue to cause EXFO irreparable injury unless and until enjoined by this Court.

35. As a result of Viavi's infringing activities, EXFO has suffered and will continue to suffer damages in an amount yet to be determined.  Under 35 U.S.C. §§ 283 and 284, EXFO is entitled to permanent injunctive relief against further infringing activity and damages for infringement that occurs prior to entry of an injunction.

## PRAYER FOR RELIEF

**WHEREFORE**, EXFO respectfully requests this Court to enter a judgment that:

A. United States Patent Nos. 8,576,389 and 9,170,173 be adjudged by this Court to be enforceable and not invalid;

B. Viavi be adjudged by this Court to have infringed U.S. Patent Nos. 8,576,389 and 9,170,173;

C. Viavi, and the directors, officers, agents, servants, and employees, and those acting in concert or participation with Viavi be permanently enjoined from further infringement of U.S. Patent Nos. 8,576,389 and 9,170,173;

D. Viavi be ordered by this Court to account for and pay EXFO damages adequate to compensate EXFO for the infringement that has occurred and will continue to occur prior to entry of an injunction, but in no event less than a reasonable royalty, as permitted by 35 U.S.C. § 284, together with pre-judgment and post-judgment interest and costs as fixed by the Court;

E. This case be deemed exceptional and EXFO be awarded its costs, expenses, and reasonable attorneys' fees as provided by 35 U.S.C. § 285; and

F. EXFO be awarded such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38, EXFO demands a trial by jury in this action on all issues triable by jury.

Case 2:15-cv-01685-RWS   Document 1   Filed 10/27/15   Page 8 of 8 PageID #:  8

Dated October 27, 2015.  Respectfully submitted,

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas Bar No. 00784720
  Email: jainsworth@wilsonlawfirm.com
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
P.O. Box 7339 [75711]
Tyler, Texas 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5092

James R. Sobieraj
  Email: jsobieraj@brinksgilson.com
David P. Lindner
  Email: dlindner@brinksgilson.com
BRINKS GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

*Attorneys for Plaintiffs*
*EXFO Inc. and EXFO America Inc.*

8